**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION**

| | |
|---|---|
| MICHAEL MOGAN, | |
| Plaintiff, | |
| | Case No. 25-cv-05739 |
| v. | |
| | District Judge Charles P. Kocoras |
| METROPOLITAN NEWS COMPANY, and DOES 1-20, | |
| | Magistrate Judge Heather K. McShain |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANT
METROPOLITAN NEWS COMPANY'S MOTION TO DISMISS
PURSUANT TO RULE 12(b)(2) AND 12(b)(6) AND FOR ATTORNEYS' FEES**

Plaintiff Michael Mogan is an attorney whose California bar license is currently inactive pending the resolution of disciplinary proceedings that were brought against him because of repeated sanctionable behavior in California's state and federal courts. Metropolitan News Company ("MNC") reported on both the disciplinary proceedings and an adverse federal appellate court ruling in its newspaper, the *Metropolitan News-Enterprise*, a newspaper of general circulation with an emphasis on law and the courts, and on the newspaper's website. In this suit, Plaintiff claims that reporting even the most basic details of these official actions was defamatory and cast him in a false light. Plaintiff's lawsuit is a meritless case brought in the wrong court. MNC has no connection with Illinois, and this lawsuit should be dismissed for lack of personal jurisdiction. In the alternative, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted, because public records clearly show both the truth of MNC's reporting and that the fair report privilege applies, and because of other legal deficiencies. Finally, MNC requests that this Court award MNC its attorney fees pursuant to California's anti-SLAPP statute, which applies to protect the speech of MNC, a California-based publisher covering matters of public interest.

I. **BACKGROUND**

A. **Plaintiff's Complaint**

Plaintiff alleges he was defamed and cast in a false light by an article published on October 17, 2024, on what Plaintiff calls the "Metropolitan News-Online website" (the "Article"). The Article is not attached to the Complaint, but is attached hereto as Exhibit A-1. Plaintiff claims that the Article contains four false statements (collectively, the "Statements"):

(1) "Mogan Loses Appeal in Ninth Circuit Same Day State Bar Suspends Law License" ("Loses Appeal Statement," Compl. ¶ 15(a));

(2) "the Ninth U.S. Circuit Court of Appeals yesterday affirmed the granting of an anti-SLAPP motion, terminating an action filed by Chicago attorney Michael Mogan—the same day the State Bar of California placed Mogan on involuntary inactive status pending resolution of disciplinary charges against him" ("Same Day Statement," *id.* ¶ 15(b));

(3) "both the Ninth Circuit's decision and the State Bar action stem from [Plaintiff's] representation of one Veronica McCluskey in 16 lawsuits—some in state courts, others in federal court—based on the client being stripped of her 'superhost' status by Airbnb, an online marketplace bringing together lessors and lessees of residential space" ("Superhost Statement," *id.* ¶ 15(c)); and

(4) "[Plaintiff], on behalf of McCluskey, brought suit against four persons involved in Airbnb's decision to blackball the client based on rules violations, claiming malicious prosecution and intentional infliction of emotional distress predicated on their motion for sanctions" ("Brought Suit Statement," *id.* ¶ 15(d)).

Plaintiff alleges that the Statements are defamatory *per* se, alleges generally that they were made with actual malice, and seeks compensatory damages of "at least" $10 million, plus punitive damages. (*Id.* at 7, 8-9 (Wherefore clauses).)

Plaintiff alleges that he lives in Chicago and that MNC is a California corporation with its principal place of business in Los Angeles, California. (Compl. ¶¶ 1, 2, 5.)

### B.    The Ninth Circuit Opinion And California Bar Disciplinary Proceedings

The Article refers to two matters: the Ninth Circuit Court of Appeals' October 16, 2024, order ("Ninth Circuit Order") and Plaintiff's California bar license. The Ninth Circuit Order is *Mogan v. Hendricks*, No. 23-55691, 2024 U.S. App. Lexis 26040, 2024 WL 4501071 (9th Cir. Oct. 16, 2024) (attached hereto as Exhibit B). In the Ninth Circuit Order, the Ninth Circuit affirmed the district court, which had dismissed Plaintiff's complaint for malicious prosecution and intentional infliction of emotional distress and granted the defendants' motion to strike under California's anti-SLAPP statute. *See Mogan*, 2024 U.S. App. Lexis 26040, at *1, 4. The ruling describes Plaintiff as "an attorney who represented Veronica McCluskey, a host on the Airbnb platform [who] was banned from Airbnb for allegedly violating its service terms in connection with a dispute with her business partners" and states that Plaintiff "filed sixteen unsuccessful lawsuits arising from the dispute against various parties in state and federal court." *Id.* at *1.

As to the attorney discipline proceedings, the State Bar of California's[1] website indicates that disciplinary charges were filed against Plaintiff on February 6, 2023, in State Bar Court, docket number 23-O-30096. (*See* website attached hereto as Exhibit C-1.) The website indicates that, on October 16, 2024, Plaintiff's license was "Ordered inactive" and that he was "Not eligible to practice law in CA." (*See id.*) The website provides access to the State Bar Court

---

[1] The State Bar of California is a public corporation and "government instrumentality" that acts as an "arm of the state." *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1032 (9th Cir. 2023).

docket, including the initiating document, the Notice of Disciplinary Charges. (*See* Ex. C-1.) The Notice of Disciplinary Charges alleges that Plaintiff violated his duties as an attorney and violated a court order in the course of his representation of Veronica McCluskey in a lawsuit relating to "the disabling of her Superhost profile with Airbnb, Inc." (*See* Notice of Disciplinary Charges, attached hereto as Exhibit C-2, at ¶¶ 2, 3, 11.) (Collectively, the State Bar Court records are referred to as the "Bar Court Records.")

### C. Metropolitan News Company

MNC publishes seven newspapers in California, including the *Metropolitan News-Enterprise*, a newspaper of general circulation that focuses on law and the courts and publishes the Rules of Court for the state of California and several California counties. (*See* Declaration of Roger Grace, attached hereto as Exhibit A, at ¶ 3.) The *News-Enterprise* has no Illinois subscribers. (*See id.* ¶ 4.) Articles from the *News-Enterprise* are also published on the website MetNews.com, for which no subscription is required. (*Id.* ¶ 3.)

California is the focus of the *News-Enterprise's* coverage. By way of illustration, the "News Archives" section of MetNews.com indicates that, the same week the Article was published, MetNews.com published 12 other news stories. (*See id.* ¶ 7.) Of those 12 articles, six concerned rulings by California's state courts of appeals, five concerned rulings by the federal Ninth Circuit court of appeals, and one concerned an attorney discipline matter before the California Supreme Court. (*Id.*) Articles on MetNews.com typically refer to California's Court of Appeal for the Second Appellate District, which includes Los Angeles, as the "Court of Appeal for this district," further reflecting the Los Angeles focus of the *News-Enterprise*. (*Id.* ¶ 8.)

## II.  ARGUMENT

### A.  This Court Lacks Personal Jurisdiction Over MNC

MNC is a California-based business that reports California news, and the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. There are two types of personal jurisdiction – "general or all-purpose jurisdiction, and specific or case-linked jurisdiction" – and neither is present here. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

#### 1.  There is no basis for general jurisdiction.

Plaintiff cannot meet the high bar to establish general jurisdiction. MNC is not subject to general jurisdiction because MNC is not incorporated in Illinois and is not "essentially at home" in this state. *Id.* The Seventh Circuit has identified only two places where the general jurisdiction condition will be met: the state of the corporation's principal place of business and the state of its incorporation. *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). Any additional basis requires *more* than a "substantial, continuous, and systematic course of business," an "exceptional case" that is not present here. *Daimler AG v. Bauman*, 571 U.S. 117, 139 n.19; *Kipp*, 783 F.3d at 698; *see Goodyear*, 564 U.S. at 920 (rejecting general jurisdiction over foreign manufacturers even though some of their products entered state through "the stream of commerce"); *see, e.g., Exam. Bd. of Prof'l Home Inspectors v. Int'l Ass'n of Certified Home Inspectors*, No. 17-cv-6640, 2018 U.S. Dist. Lexis 61240, at *6 (N.D. Ill. Apr. 11, 2018) (rejecting general jurisdiction over nationwide licensing organization that had Illinois members, a Chicago chapter, and Illinois-specific information on its website).

MNC does no business in Illinois, has no subscribers in Illinois, and does not focus on Illinois matters in its news reporting. MNC certainly does not do "substantial, continuous, and

systematic" business in Illinois – a level that the Supreme Court has indicated would also not be sufficient to confer general jurisdiction. This Court does not have general jurisdiction over MNC.

>    2.    There is no basis for specific jurisdiction.

Plaintiff also cannot establish specific jurisdiction. Specific jurisdiction "aris[es] out of or [is] related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984). The "defendant's contacts with the forum State" must "be directly related to the conduct pertaining to the claims asserted." *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017). To establish specific jurisdiction, Plaintiff must plausibly allege that MNC's "suit-related conduct" creates "a substantial connection" with Illinois. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Put another way, Plaintiff must allege facts showing that MNC specifically "targeted [Illinois] somehow" and that Plaintiff's claims arise from MNC's efforts to target Illinois. *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801, 803 (7th Cir. 2014) (holding that operating interactive website or allowing consumers to sign up for email list does not subject the website operator to jurisdiction in each user's state). "The mere maintenance of an Internet website is generally not sufficient to exercise general jurisdiction . . . ." *Jackson v. Cal. Newspapers P'ship*, 406 F. Supp. 2d 893, 895 (N.D. Ill. 2005).

Plaintiff has the burden of establishing personal jurisdiction. *Steel Warehouse of Wisc., Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998). In ruling on a motion to dismiss pursuant to Rule 12(b)(2) based on lack of personal jurisdiction, the court "accept[s] plaintiff's well-pleaded allegations as true unless controverted by defendants' affidavits." *Jackson*, 406 F. Supp. 2d at 895. "[W]here a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. If the plaintiff fails to refute a fact contained in the defendant's affidavit,

that fact is accepted as true." *In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, 702 F. Supp. 3d 692, 707 (N.D. Ill. 2023) (cleaned up).

Plaintiff cannot meet these requirements. He does not suggest that MNC "targeted" Illinois. Plaintiff does not allege any significant connection between MNC and Illinois, let alone a significant connection between MNC, Illinois, and his claims. To the contrary, Plaintiff admits that MNC is not incorporated or headquartered in Illinois. (*See* Compl. ¶ 2.) Plaintiff does not allege that MNC deliberately reached into Illinois, and it did not. Plaintiff alleges "[o]n information and belief" that MNC "sold online subscription services . . . in the State of Illinois," (Compl. ¶ 4) but that is not the case. MNC has no Illinois subscribers. *See Jackson*, 406 F. Supp. 2d at 898 (dismissing claims against California publication for lack of personal jurisdiction where publication had no online Illinois subscribers and only one Illinois print subscriber). Plaintiff's conclusory allegation that MNC "published its website Metropolitan News-Online in the state of Illinois" is also false, to the extent Plaintiff seeks to imply anything beyond a general allegation that MNC's website is generally accessible in the United States. (Compl. ¶ 4.)

The *News-Enterprise's* coverage emphasizes the law and courts in California. The Article reports on a ruling by the federal Ninth Circuit appellate court regarding sanctions imposed in the Central District of California. The Article also reports on actions by the State Bar of California relating to sanctions imposed and affirmed by California's state courts. Plaintiff's alleged injuries do not arise out of or relate to any activities of MNC directed at Illinois.

Plaintiff alleges that he is an Illinois resident and "has been injured by [MNC's] conduct in Illinois," but this does not establish jurisdiction. (Compl. ¶¶ 1, 4.) "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. An allegation that the

defendant "set out to injure" the plaintiff "knowing that it is located in Illinois" is "exactly the sort of allegation the Justices deemed inadequate in *Walden*." *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520, 522 (7th Cir. 2018); *see also Matlin v. Spin Master Corp.*, 921 F.3d 701, 707 (7th Cir. 2019) (rejecting argument that a single online sale in Illinois established personal jurisdiction); *be2LLC v. Ivanov*, 642 F.3d 555, 558-59 (7th Cir. 2011) ("Beyond simply operating an interactive website that is accessible from the forum state, a defendant must in some way *target* the forum state's market.") (collecting cases, citations omitted). The Supreme Court has "consistently rejected attempts to [establish personal jurisdiction] by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284. Despite Plaintiff's allegations of injury in Illinois, this Court lacks personal jurisdiction over MNC, and MNC requests dismissal pursuant to Rule 12(b)(2).

**B.      In The Alternative, The Complaint Should Be Dismissed Pursuant To Rule 12(b)(6) For Failure To State A Claim**

Plaintiff's claims plainly fail as a matter of law, because the Article accurately describes government actions against Plaintiff. Plaintiff therefore cannot establish either falsity or false light, which are elements of his claims, and the claims are also barred by the defenses of substantial truth and the fair report privilege. Additionally, two of the Statements are not defamatory and would not be highly offensive to a reasonable person. Finally, Plaintiff's false light claim also fails because Plaintiff does not allege actual malice, an element of the claim.

1.      <u>The Statements were true and a fair report of government actions.</u>

Plaintiff fails to state a claim against MNC because the Article is not false, does not cast Plaintiff in a false light, is substantially true, and is privileged as a fair report of government actions. *See Moon v. Liu*, 2015 IL App (1st) 143606, ¶ 17 (element of false light claim is that plaintiff "was placed in a false light before the public"); *Haynes v. Alfred A. Knopf, Inc.*, 8 F.3d

8

1222, 1228 (7th Cir. 1993) ("Falsity is a required element of a defamation claim that a plaintiff must prove."); *Coghlan v. Beck*, 2013 IL App (1st) 120891, at ¶ 42 (A "defense to a defamation action is where the statements at issue are substantially true. The 'substantial truth' is shown where the 'gist' or 'sting' of the allegedly defamatory material is true.") (quotations omitted); *Wynne v. Loyola Univ.*, 318 Ill. App. 3d 443, 454 (1st Dist. 2000) (holding that plaintiff "cannot prevail on her false light claim" because the allegedly harmful assertions were "substantially true"); *Eubanks v. Nw. Herald Newspapers*, 397 Ill. App. 3d 746, 751 (2d Dist. 2010) (affirming summary judgment on defamation and false light claims based on fair report privilege). In ruling on these issues, this Court may consider the Article, which is central to Plaintiff's claims, as well as the public records to which the Article refers (the Ninth Circuit Order and the Bar Court Records). *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[S]ources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" include "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Ronald D. Fosnight & Paraklese Techs., LLC v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("[D]istrict courts can take judicial notice of public court documents and proceedings when considering a Rule 12(b)(6) motion . . . .").

The Article accurately describes Plaintiff's litigation history, the Ninth Circuit Order, the Bar Court Records, and the status of Plaintiff's California bar license.[2] Plaintiff lost his Ninth Circuit appeal when the court affirmed the granting of an anti-SLAPP motion in the district court. *Mogan*, 2024 U.S. App. Lexis 26040, at *4. The State Bar of California's website indicates that Plaintiff's license to practice law in California was "Ordered inactive" on October 16, 2024, the same day as the Ninth Circuit ruling. (Ex. C-1.) The Notice of Disciplinary Charges indicates

---

[2] Attached hereto as Exhibit D is a summary chart to assist the Court with cross-referencing the Statements, the Ninth Circuit Order, and the State Bar Court proceedings.

that Plaintiff has been charged with violations relating to representation of Veronica McCluskey relating to a dispute involving Airbnb. (Ex. C-2 at ¶ 3.) The Statements are true and "substantially true," and Plaintiff's claims fail on this ground.

Additionally, for the same reason, the fair report privilege applies to bar Plaintiff's claims. "[T]he fair report privilege has two requirements: (1) the report must be of an official proceeding; and (2) the report must be complete and accurate or a fair abridgement of the official proceeding." *Solaia Tech., LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 588 (2006). The Article reports on two official proceedings: the Ninth Circuit Order, and proceedings instituted by the State Bar of California. The Article provides a fair abridgement of those official proceedings, so an action for either defamation or false light "cannot constitutionally be maintained." *Id.* (quoting *Restatement (2d) of Torts*, § 611, cmt. b (1977)). Plaintiff's defamation *per se* and false light claims are groundless and should be dismissed as a matter of law.

2.  <u>The Superhost Statement and Brought Suit Statement are not defamatory and would not be highly offensive to a reasonable person.</u>

Plaintiff also fails to state a claim for either defamation *per se* or false light invasion of privacy because the Superhost Statement and Brought Suit Statement lack defamatory meaning (an element of the defamation claim) and would not be highly offensive to a reasonable person (an element of the false light claim). *See Green v. Rogers*, 234 Ill. 2d 478, 491 (2009) ("A defamatory statement is a statement that harms a person's reputation to the extent it lower the person in the eyes of the community or deters the community from associating with her or him."); *Rivera v. Allstate Ins. Co.*, 2021 IL App (1st) 200735, ¶ 28 ("[T]o state a claim for false light, the plaintiff must allege (1) he was placed in a false light before the public as a result of the defendant's actions; (2) the false light would be highly offensive to a reasonable person; and (3) the defendant acted with actual malice.") (quotations omitted).

10

The Superhost Statement and Brought Suit Statement are not defamatory or highly offensive. The Superhost Statement describes only the litigation history, that Plaintiff represented a client with respect to a dispute with Airbnb. Similarly, the Brought Suit Statement lays out only the background of the case that led to the Ninth Circuit Order. Neither of these Statements is harmful to Plaintiff's reputation, and Plaintiff fails to state a claim for either defamation *per se* or false light invasion of privacy on these bases.

3.    Plaintiff has not alleged actual malice to support his false light claim.

Additionally, Count II of the Complaint fails to state a claim because Plaintiff has not alleged actual malice, which is an element of a false light claim. For false light claims, the Illinois Supreme Court has defined "actual malice" as knowledge that the statements made by a defendant were false or that such statements were made with reckless disregard as to their truth or falsity. *See Lovgren v. Citizens First Nat'l Bank of Princeton*, 126 Ill. 2d 411, 422-23 (1989). Pleading actual malice requires more than "the bare conclusory claim of malice, unaccompanied by allegations from which the required subjective element of malice might be inferred." *See Pippen v. NBC Universal Media, LLC*, No. 11-cv-8834, 2012 U.S. Dist. Lexis 195436, at *5 (N.D. Ill. Aug. 2, 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009)).

Plaintiff does not meet this burden. He alleges, in conclusory fashion, that MNC made false statements "with full knowledge of their falsity" and "reckless disregard for the truth." (Compl. ¶¶ 20-21) Plaintiff, however, offers no facts as to how MNC knew of any falsity or acted with reckless disregard. Plaintiff's false light claim should be dismissed on this basis.

**C.    MNC Is Entitled To Attorney Fees Pursuant To California's Anti-SLAPP Statute**

Finally, MNC is a California speaker entitled to the protection of California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. The California anti-SLAPP statute protects defendants

from "strategic lawsuits against public participation," or "SLAPPs." Plaintiffs in SLAPP suits use litigation to chill a defendant's speech. Anti-SLAPP statutes typically provide for special procedures, immunities, and fee-shifting. The California anti-SLAPP statute applies in this case and requires an award of fees to MNC.

        1.    <u>California's anti-SLAPP statute protects MNC.</u>

This case presents a conflict of law as to anti-SLAPP protection, and California's anti-SLAPP statute should apply because MNC is a California speaker. Both Illinois and California have anti-SLAPP statutes, but the California statute provides a much broader protection. The California anti-SLAPP statute applies to all acts in furtherance of the right of free speech in connection with a public issue. Illinois' anti-SLAPP statute, by contrast, protects only "acts in furtherance of government participation." *Glorioso v. Sun-Times Media Holdings, LLC*, 2024 IL 130137, ¶ 78 (holding that, under Illinois's anti-SLAPP statute, not "all media reports on matters of public concern" are protected).

A federal court sitting in diversity applies the choice of law rules of the forum state. *Phila. Indem. Ins. Co. v. Bellin Mem'l Hosp.*, 126 F.4th 532, 539 n.1 (7th Cir. 2025) (citing *Klaxon Co. v. Stentor Elec. Mfg.*, 313 U.S. 487, 496 (1941)). Illinois courts use the *Restatement (Second) of Conflict of Laws* to resolve conflicts. *See Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (2007). Under the Second Restatement, the choice of law in this case might be Illinois (Plaintiff's home state) or California (the state of publication), depending on whether the Article is deemed to have been published in only one state or in many states. *See Restmt. (2d) of Conflict of Laws*, ¶¶ 149, 150.

That determination does not affect the Court's choice of law as it relates to anti-SLAPP protection, however, because the Second Restatement also allows for *dépeçage*, a legal principle that courts in this district have repeatedly used to apply the defendant's home-state anti-SLAPP

statute even if a different state's law applies to the plaintiff's claims. *See Townsend*, 227 Ill. 2d at 155, 161 (noting the availability of *dépeçage* under the Second Restatement); *see also Underground Solutions, Inc. v. Palermo*, 41 F. Supp. 3d 720, 725 (N.D. Ill. 2014) (applying Tennessee anti-SLAPP statute to defendant domiciled in Tennessee and noting that "the anti-SLAPP question involves an issue of privilege and is thus treated separately from the question of whether a statement is defamatory"); *Duffy v. Godfread*, No. 13-cv-1569, 2013 U.S. Dist. Lexis 114580, *11 (N.D. Ill. Aug. 14, 2013) (applying Minnesota anti-SLAPP statute to Minnesota defendants because "[s]tates have strong interests in the application of their own anti-SLAPP laws to their own citizens' speech"). This is because anti-SLAPP protection relates to a state's interest in protecting its own citizens' exercise of free speech rights.

Here, MNC is a California speaker entitled to the protection of the California anti-SLAPP statute. As detailed above, MNC is a California-based publisher that reports on California news to a California audience. California has a strong interest in protecting MNC's speech, and its anti-SLAPP statute applies here. *See Underground Solutions*, 41 F. Supp. 3d at 725; *Chi v. Loyola Univ. Med. Ctr.*, 787 F. Supp. 2d 797, 803 (N.D. Ill. 2011).

        2.   <u>Plaintiff's claim is barred by the California anti-SLAPP statute.</u>

The California Legislature enacted Cal. Code Civ. Proc. § 425.16 "to nip in the bud" meritless claims that target a defendant's exercise of free-speech rights. *Braun v. Chronicle Publ.*, 52 Cal. App. 4th 1036, 1042 (Cal. Ct. App. 1997). Under the statute, any "cause of action against a person arising from any act of that person in furtherance of that person's right of . . . free speech . . . in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that [it] will prevail on the claim." Cal. Code Civ. Proc. § 425.16(b)(1). This is a two-part test. "First, the court decides whether the defendant has made a threshold showing that the challenged cause of

action is one arising from protected activity" by demonstrating that the conduct "underlying the plaintiff's cause [of action] fits one of the categories spelled out in section 425.16, subdivision (e)," which includes "any written or oral statement or writing made [by the defendant] in a place open to the public or a public forum in connection with an issue of public interest" and "any other conduct [by the defendant] in furtherance of the exercise of the constitutional right . . . of free speech in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(3)-(4); *Navellier v. Sletten*, 29 Cal. 4th 82, 88 (Cal. Ct. App. 2002). Second, the court "must then determine whether the plaintiff has demonstrated a probability of prevailing." *Id.* If the plaintiff cannot meet this burden, his claim must be stricken. *Id.*

Here, the Article falls squarely within subsections (e)(3) and (4) and is entitled to protection. Plaintiff bases his claim on statements regarding a federal appellate court opinion and State Bar disciplinary proceedings. This is the very type of speech that the anti-SLAPP statute seeks to protect. *See Missud v. State Bar*, No. A141459, 2015 Cal. App. Unpub. Lexis 2288, at *7 (dismissing attorney's defamation claim against California State Bar based on its disciplinary proceedings against him and holding that "an attorney's discipline record is a matter of public interest"). The Article consists of statements "in a public forum in connection with an issue of public interest" and "in furtherance of the exercise of the constitutional right . . . of free speech in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc. § 425.16(e)(3), (4); *see, e.g., J-M Manufacturing Co., Inc. v. Phillips & Cohen LLP*, 247 Cal. App. 4th 87, 97 (Cal. Ct. App. 2016) (requiring dismissal of defamation claim based on law firm's press release touting trial result); *Maughan v. Google Technology, Inc.*, 143 Cal. App. 4th 1242, 1254 (Cal. Ct. App. 2006) (affirming dismissal of defamation claim based on website's suggestion that accountant had been disciplined by state board); *Braun*, 52 Cal. App. 4th at 1048-

49 (affirming dismissal of defamation claim against newspaper reporting results of investigative audit performed by state auditor). In making the Statements, MNC engaged in protected activity.

For the second step of the anti-SLAPP statute's application, Plaintiff cannot demonstrate a probability of prevailing on his claims, for the reasons described above. Plaintiff's claims are based on alleging falsity of Statements that are plainly true and based on freely available public records. Plaintiff's claims should be dismissed pursuant to California law. Further, the anti-SLAPP statute requires an award of fees and costs to a prevailing defendant, and MNC requests that the Court provide for such an award. Cal. Code Civ. Proc. § 425.16(c)(1).

## III.     CONCLUSION

WHEREFORE, Defendant Metropolitan News Company requests that the Court grant this motion and dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); award MNC its attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 425.16(c)(1); and grant such further relief as is just.

Respectfully submitted,

METROPOLITAN NEWS COMPANY

By: /s/ Brendan J. Healey
    One of its attorneys

Brendan J. Healey (ARDC #6243091)
Sharon Albrecht (ARDC #6288927)
BARON HARRIS HEALEY
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(312) 741-1030
bhealey@bhhlawfirm.com
salbrecht@bhhlawfirm.com